UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINOVA CAPITAL CORPORATION,

        Appellant,

v.                                              Case No. 8:04-cv-2797-T-24TBM

FLMI, INC. d/b/a KURTZ PHARMACY
and FRANK BYERLY,

        Appellees.
_____/

**ORDER**

This cause comes before the Court on Appellees', FLMI, Inc. d/b/a Kurtz Pharmacy ("FLMI") and Frank Byerly ("Byerly"), Motion for Reconsideration of Orders Entered September 30, 2005, and for Stay Pending Appeal of Appellees, FLMI, Inc. and Frank Byerly (Doc. No. 60). Appellant, Finova Capital Corporation ("Finova") filed a response in opposition thereto (Doc. No. 63).

**I.**    **Background**

This case involves an appeal from the United States Bankruptcy Court for the Middle District of Florida. On September 30, 2005, this Court entered an Order striking paragraphs 7 through 25 and the first sentence of the conclusion paragraph of Appellees' Amended Legal Memorandum in Response to Appellant Finova Capital Corporation's Motion for Oral Argument (Doc. No. 56). Also on September 30, 2005, this Court entered an Order reversing the decision of the bankruptcy court granting final judgment in favor of Appellees and remanding the case to the bankruptcy court with instructions to vacate its Findings of Fact, Conclusions of Law and Memorandum Opinion and final judgment thereon in light of this Court having determined that

Appellees are creditors of Recomm (Doc. No. 57).   Appellees now seek reconsideration of these Orders.[1]  Appellees additionally request that this Court consider a response to Finova's Notice of Filing Supplemental Authority.

## II.     Discussion

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  Appellees' motion does not fit within any of these three grounds.  Rather, Appellees largely use their motion for reconsideration to essentially reiterate the same arguments previously considered by this Court.  "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision."  Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999).

The Court will, however, briefly address Appellees' contention that they should have been afforded an opportunity to respond to Finova's Notice of Filing Supplemental Authority which included as an attachment the opinion in a related case, Finova Capital Corp. v. Larson Pharmacy, Inc., Case No. 03-15756 (Doc. No. 52).  Specifically, Appellees contend that Larson supports the bankruptcy court's determination in their favor "by virtue of all of the many ways Mr. Byerly's situation is unique and distinguishable from any of the parties involved in Larson."  However, since Larson is an Eleventh Circuit opinion which affirms this Court's holding in a

---

[1]The Court notes that other than in the title of their motion, Appellees do not request a stay pending an appeal or present arguments with respect to how they would be entitled to a stay.

case related to the instant case, the Court was aware of the <u>Larson</u> opinion prior to Finova filing it as supplemental authority and it was not necessary for the parties to brief the Court as to the implications of <u>Larson</u>'s holding.

According, it is **ORDERED AND ADJUDGED** that Appellees' Motion for Reconsideration of Orders Entered September 30, 2005, and for Stay Pending Appeal of Appellees, FLMI, Inc. and Frank Byerly (Doc. No. 60) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of October, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Alexander L. Paskay