UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINOVA CAPITAL CORPORATION,

        Appellant,

v.                                          Case No. 8:04-cv-2797-T-24TBM

FLMI, INC. d/b/a KURTZ PHARMACY
and FRANK BYERLY,

        Appellees.
_____/

**ORDER**

This cause comes before the Court on Appellant's, Finova Capital Corporation ("Finova"), Motion for Appellate Attorneys' Fees (Doc. No. 62). Appellees, FLMI, Inc. d/b/a Kurtz Pharmacy ("FLMI") and Frank Byerly ("Byerly"), filed a response in opposition thereto (Doc. No. 66).

**I.    Procedural History**[1]

This case involves an appeal from the United States Bankruptcy Court for the Middle District of Florida. On September 30, 2005, this Court entered an Order reversing the decision of the bankruptcy court granting final judgment in favor of Appellees and remanding the case to the bankruptcy court with instructions to vacate its Findings of Fact, Conclusions of Law and Memorandum Opinion and final judgment thereon (Doc. No. 57). On October 14, 2005, Finova filed its Motion for Appellate Attorneys' Fees (Doc. No. 62).

---

[1]The Court will not state the extensive factual background of this case here. Instead, the Court incorporates by reference the factual background as outlined in this Court's September 30, 2006 Order (Doc. No. 57).

**II.     Discussion**

Finova filed an adversary proceeding against Appellees in the bankruptcy court seeking a declaration from that court that Appellees were barred and enjoined by the Confirmation Order from asserting certain claims and defenses as to the validity and enforceability of the modified lease.[2] The bankruptcy court granted final judgment in favor of Appellees, finding Appellees had terminated the Advertising Agreement prior to Recomm's filing for bankruptcy, and therefore, the Appellees were not creditors of Recomm and could not be bound by the Confirmation Order (AP Doc. No. 62). On appeal, this Court found that the bankruptcy court erred in its determination that Appellees were not creditors of Recomm and could not be bound by the Confirmation Order and reversed and remanded the case to the bankruptcy court (Doc. No. 57).

The issue now before this Court is whether Finova is entitled to appellate attorneys' fees. Specifically, Finova seeks attorneys' fees totaling $37,388.00. Finova cites to no provision of the Bankruptcy Code under which it would be entitled to attorneys' fees.[3] Rather, Finova relies solely on language in the Lease Agreement[4] for its entitlement to attorneys' fees. While

---

[2] Finova Capital Corporation v. FLMI, Inc. d/b/a Kurtz Pharmacy and Frank Byerly, Adversary Case No. 02-625 in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division.

[3] In its motion, Finova moves for attorneys' fees and costs "pursuant to Federal Rule of Appellate Procedure 35 and Local Rule 4.18" (Doc. No. 62). It is unclear to the Court how Fed. R. App. P. 35 is applicable to this action since Fed. R. App. P. 35 pertains to En Banc Determination.

[4] On January 27, 1995, FLMI, Inc. d/b/a Kurtz Pharmacy ("FLMI") entered into a four year Lease Agreement, with Recomm as the listed Vendor, for the use of certain equipment, described as a Recomm Vox Apothecary System. Frank Byerly ("Byerly") executed the personal guaranty section of the Lease Agreement. (AP Doc. No. 70, Exhs. 1 and 5). The Lease Agreement provided that FLMI would pay the Lessor $316.09 per month for a term of forty-

Appellees admit "that a preliminary determination in Finova's favor has been rendered," they deny "that the same constitutes a final judgment which would be requisite for this Court to award attorney's fees under applicable law" (Doc. No. 66). Appellees further deny that Finova's requested attorneys' fees are reasonable, customary and necessary.

"Generally, in federal litigation, including bankruptcy litigation, a prevailing litigant may not collect an attorney's fee from his opponent unless authorized by either a federal statute or an enforceable contract between the parties." In re Martinez, 416 F.3d 1286, 1288 (11th Cir. 2005). "Federal courts apply state law when ruling on the interpretation of contractual attorney fee provisions." See In re Sure-Snap Corp., 983 F.2d 1015, 1017 (11th Cir. 1993).

The Lease Agreement at issue provides that "[i]f [Finova] refer[s] this lease to an attorney for enforcement or collection, [Appellees] agree to pay [Finova's] reasonable attorney's fees of at least 20% of the remaining balance of all payments" (AP Doc. No. 70, Exh.1, ¶12).[5] Clearly Finova referred the Lease Agreement to an attorney for enforcement or collection. Florida, Pennsylvania, and Minnesota state law[6] all provide for the enforceability of contractual

---

eight months. At the time Byerly executed the Lease Agreement, the section entitled "Accepted: Lessor" was blank. (AP Doc. No. 70, Exh. 5). Finova, who is the Lessor, did not execute the Lease Agreement until February 10, 1995. (AP Doc. No. 70, Exh. 1).

[5]The Lease Agreement also references costs but the only copy in the record is too obscured to read.

[6]The Lease Agreement states in relevant part:

AS USED IN THIS PARAGRAPH 17, "APPLICABLE JURISDICTION" MEANS THE STATE, AS MAY CHANGE FROM TIME TO TIME, WHERE THE HOLDER OF THE LESSOR'S INTEREST IN THIS LEASE MAINTAINS ITS PRINCIPAL OFFICE RESPONSIBLE FOR ADMINISTERING THIS LEASE. THE LEASE SHALL BE BINDING WHEN ACCEPTED IN WRITING BY US AND SHALL BE GOVERNED BY THE LAWS OF THE APPLICABLE JURISDICTION, PROVIDED HOWEVER, IN THE EVENT THIS LEASE OR ANY OF ITS PROVISIONS CANNOT

provisions for attorneys' fees.  See In Re: Martinez, 416 F.3d at 1289; see also SNA, Inc. v. Array, 173 F. Supp.2d 347, 350 (E.D. Pa. 2001); State Bank of Cokato v. Ziehwein, 510 N.W.2d 268, 270 (Minn. App.1994).  Accordingly, the Court finds that Finova is entitled to attorneys' fees.

However, Finova has failed to provide this Court with sufficient documentation that the hourly rates for the requested attorneys' fees are in line with the prevailing market rate for similar services.  See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).  Satisfactory evidence that a rate is in line with the prevailing market means more than an affidavit from the attorney performing the work in question.  See id.

According, it is **ORDERED AND ADJUDGED** that:

(1)  Appellant's, Finova Capital Corporation ("Finova"), Motion for Appellate Attorneys' Fees (Doc. No. 62) is **GRANTED**.  Appellant shall have to and including April 21, 2006, to provides sufficient documentation that the hourly rates for the requested attorneys' fees are appropriate.

(2)  Appellant's Request for Oral Argument on Motion for Award of Appellate Attorneys' Fees (Doc. No. 64) is **DENIED**.

---

BE ENFORCED UNDER THE LAWS OF THAT STATE THEN THE LAWS OF THE STATE WHERE THE EQUIPMENT IS LOCATED SHALL GOVERN.

(AP Doc. No. 70, Exh. 1, ¶17).  On the Lease Agreement, Recomm has a listed address in Florida.  Appellees have a listed address in Pennsylvania.  Finova has a listed address in Minnesota.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of April, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record